# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:12-cv-805-RJC

| | |
|---|---|
| **ROBERT LEE BENNETT, JR.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| **UNION COUNTY JAIL,** ) | |
| ) | |
| **Defendant.** ) | |

**THIS MATTER** is before the Court on an initial review of Plaintiff's Complaint filed pursuant to 42 U.S.C. § 1983, and his Motion to Proceed In Forma Pauperis. See 28 U.S.C. § 1915A(a). First, the Court has examined Plaintiff's Motion to Proceed In Forma Pauperis, (Doc. No. 2), and finds that Plaintiff does not have sufficient funds from which to prepay fees or costs and his motion will therefore be GRANTED.

## I.   BACKGROUND

Plaintiff, proceeding pro se in this matter, alleges that he is currently incarcerated in the Union County Jail. Plaintiff states that on August 21, 2012, while in custody, he fell off a top bunk suffering injuries to his head and his back. Plaintiff was transported to the hospital for examination. Plaintiff was x-rayed and released with the recommendation that he follow-up for additional examination at Carolina Bone and Joint. (Doc. No. 1 at 3). Plaintiff alleges that while he received treatment and medication, he has not received proper medical treatment.

In his claim for relief, Plaintiff wants the Court to show justice, and the jail to pay for his injuries, hospital bills, and medical bills for treatment at Carolina Bone and Joint. (Id. at 4).

1

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(A)(a), "the court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Following this initial review, the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). Upon review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327–28 (1989).

A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

## III. DISCUSSION

Plaintiff filed this action on the Prisoner Civil Rights Complaint Form which alleges a violation of his rights as protected by 42 U.S.C. § 1983. Plaintiff alleges that the prison officials' response to his injury did not meet his expectations for treatment, and he appears to request an order providing for future indemnification in the event that he is responsible for medical expenses incurred during his initial treatment and for any future treatment.

Claims under § 1983 based on an alleged lack of or inappropriate medical treatment fall within the Eighth Amendment's prohibition against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To state a claim under the Eighth Amendment, a plaintiff must show a "deliberate indifference to serious medical needs" of the inmate. Id. "Deliberate

indifference requires a showing that the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious need for medical care." Young v. City of Mt. Ranier, 238 F.3d 567, 575-76 (4th Cir. 2001) (citations omitted). "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990).

Allegations that might be sufficient to support negligence and medical malpractice claims do not, without more, rise to the level of a cognizable § 1983 claim. Estelle, 429 U.S. at 106; Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999) ("Deliberate indifference is a very high standard—a showing of mere negligence will not meet it."). To be found liable under the Eighth Amendment, a prison official must know of and consciously or intentionally disregard "an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994); Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998). "[E]ven if a prison doctor is mistaken or negligent in his diagnosis or treatment, no constitutional issue is raised absent evidence of abuse, intentional mistreatment, or denial of medical attention." Stokes v. Hurdle, 393 F. Supp. 757, 762 (D. Md.1975), aff'd, 535 F.2d 1250 (4th Cir. 1976). The constitutional right is to medical care. A claim based solely on a difference of opinion as to the quality of such care is not sufficient to raise a constitutional claim. Id. Therefore, a disagreement "between an inmate and a physician over the inmate's proper medical care [does] not state a § 1983 claim unless exceptional circumstances are alleged." Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985) (dismissing the plaintiff's § 1983 claim against a defendant physician for allegedly discharging

the plaintiff too early from a medical clinic, as such claim did not rise to the level of deliberate indifference but would, "at most, constitute a claim of medical malpractice").

In the present case, Plaintiff's Complaint sets out facts which show what appears to be an immediate response from prison officials following his fall from a top bunk, that is, a trip to the emergency room and medication for his injuries. In addition, Plaintiff's Complaint details a course of future treatment at Carolina Bone and Joint. Although Plaintiff expresses some disagreement with the course of treatment, he does not set out facts which could support even an inference that prison officials have been deliberately indifferent to his serious medical needs. And while Plaintiff appears concerned about his share of medical bills, there is no indication from the Complaint that he has any responsibility for payment of medical bills stemming from what appears to be an accident. Concern about future responsibility for medical bills does not state a cognizable claim for relief in a § 1983 case.

### IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Application to Proceed Without Prepayment of Fees or Costs, (Doc. No. 2), is **GRANTED**;

2. Plaintiff's Complaint, (Doc. No. 1), is **DISMISSED** for failure to state a claim; and

3. The Clerk of Court is directed to close this case.

Signed: March 22, 2013

Robert J. Conrad, Jr.
Chief United States District Judge